UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

v.

ALTA LANGDON, *et al*.,

                Defendants.

Case No. C19-0579-JCC-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's request for a preliminary injunction directing defendants to provide him needed mental health care. (Dkt. 15.) Defendants have filed a response opposing plaintiff's request for injunctive relief (Dkt. 16), and plaintiff has filed a reply brief in support of his request (Dkt. 19). The Court, having reviewed plaintiff's request, all briefing of the parties, and the balance of the record, concludes that plaintiff's request for injunctive relief should be denied.

DISCUSSION

Plaintiff Gabriel Eckard is currently confined at the Snohomish County Jail ("the Jail") in Everett, Washington. He alleges in his amended civil rights complaint that prior to his incarceration he received multiple diagnoses of serious mental illness and that since his booking

REPORT AND RECOMMENDATION - 1

into the Jail in September 2018 he has sought mental health care for that illness but has been denied necessary care. (*See* Dkt. 15-1 at 3.) Plaintiff specifically complains that he has been denied access to psychotherapy and to a psychiatric care provider. (*Id*. at 4.) Plaintiff requests relief in the form of a declaration that the acts and omissions described in his amended complaint violate the United States Constitution, preliminary and permanent injunctions ordering defendants to provide him mental health care, and compensatory and punitive damages. (*Id*. at 6.) In his motion for preliminary injunctive relief, plaintiff asks that the Court grant the preliminary injunction requested in his amended complaint. (*See* Dkt. 15 at 1.)

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoted source omitted; emphasis added by Supreme Court). *See also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Under the "sliding scale" approach to preliminary injunctions used in the Ninth Circuit, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in

REPORT AND RECOMMENDATION - 2

the public interest." *Id.* at 1135.

The Court must also take into account the nature of the injunction being requested. A prohibitory injunction preserves the status quo while litigation is pending, and a mandatory injunction provides preliminary relief well beyond maintaining the status quo. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Mandatory preliminary injunctions are disfavored, and "the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id.* (quoting *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976)).

The first question for the Court to consider is whether plaintiff has requested a mandatory or a prohibitory injunction. Plaintiff complains in this case that he has not been provided with mental health care, presumably in the form of psychotherapy and a psychiatric care provider which he claims he has been denied access to at the Jail. As Plaintiff is seeking to alter rather than maintain the status quo, he is seeking a mandatory injunction and his request is therefore subject to a higher degree of scrutiny.

Plaintiff asserts in a very conclusory fashion that the requested preliminary injunction should be granted, apparently based solely on the allegations in his amended complaint. Plaintiff makes no effort to address the specific elements necessary to establish an entitlement to such an injunction. In his reply brief in support of his request for injunctive relief, plaintiff asserts that his request "complies with established court rules and should be granted" and he attaches to his reply a psychiatric evaluation prepared for use in his pending criminal case. (Dkt. 19 at 1-35.) Plaintiff asserts that this psychiatric report confirms that he has been diagnosed with a serious mental illness and that the psychiatrist's "prognosis" calls for the administration of psycho-pharmaceuticals and psychotherapy. (*See* Dkt. 15-1 at 4.) However, while the report provided by plaintiff reflects the

REPORT AND RECOMMENDATION - 3

psychiatrist's opinion that plaintiff has manifested symptoms of a serious mental illness for years, and that plaintiff's functioning has been impaired by that illness, the report does not appear to suggest any specific treatment for the illness the psychiatrist believes to exist. (*See* Dkt. 19 at 4-35.)

Though plaintiff asserts viable constitutional claims in his amended complaint, he has not demonstrated at this juncture that he is likely to prevail on the merits of those claims nor has he demonstrated that the balance of hardships tips sharply in his favor. In sum, plaintiff has not established any entitlement to the mandatory injunction he seeks.

CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's request for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 6, 2019**.

DATED this 14th day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4