UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiffs,

v.

ALTA LANGDON, *et al.*,

                Defendants.

Case No. C19-0579-JCC-MAT

ORDER RE: PLAINTIFF'S PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motions: to amend his complaint (Dkt. 23), to defer ruling on defendants' pending summary judgment motion (Dkt. 29), to extend the discovery deadline (Dkt. 31), to compel discovery (Dkt. 33), and to order a mental examination. Defendants have filed responses opposing plaintiff's motions. The Court, having reviewed plaintiff's motions, defendants' responses thereto, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for leave to amend his complaint (Dkt. 23) is DENIED. Plaintiff, by way of the instant motion, seeks leave to file a second amended complaint adding 15 new defendants and multiple new claims to this action. (*See id.*) Plaintiff's first amended complaint is

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

the operative pleading in this action. (Dkt. 18.) Plaintiff alleges therein that he is seriously mentally ill and that during the course of his confinement at the Snohomish County Jail (the "Jail"), defendants Alta Langdon, the Jail's Health Services Administrator, and Jacob Taylor, the Jail's Mental Health Professional Lead, have denied him medically necessary mental health care, including psychotherapy. (*See id*. at 3-6.) These claims are substantially similar to the claims asserted by plaintiff in his original complaint. (*See* Dkt. 5.) Plaintiff now seeks to add to this action claims challenging classification decisions made by the Jail's classification staff, restrictions imposed on the number of newspapers he is allowed to possess, restitution payments imposed as a result of plaintiff's destruction of Jail property, and limitations imposed on plaintiff's law library access. (*See* Dkt. 23.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Defendants note in their response to plaintiff's motion that plaintiff has already been permitted to amend once in this action, and they argue that permitting plaintiff to amend a second time to add unrelated claims to this case will cause undue delay and will unfairly prejudice the two defendants originally named in this action. (Dkt. 27 at 4-5.) Defendants also note that since filing the instant action, plaintiff has received his third strike under 28 U.S.C. § 1915(g) for filing frivolous claims, and they argue that plaintiff is attempting to "shoehorn" new claims against new defendants into this pending action in an attempt to circumvent the § 1915(g) limitations. (*Id*. at 5-6.)

A review of this Court's records reveals that in 2019 alone, plaintiff filed twenty-seven

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

separate civil rights actions in this Court. Twenty of those actions were filed against Snohomish County and/or various Snohomish County employees.[1] Over the past two years, plaintiff has accumulated an impressive number of "strikes" under § 1915(g) sufficient to generally bar him from filing future civil actions or appeals *in forma pauperis*. *See Eckard v. Zacharias*, C19-833-BJR, Dkt. 21 at 7 n.2; *Eckard v. Langdon, et al.*, C19-1139-RSL, Dkt. 4 at 5.) Given plaintiff's extensive litigation history in this Court, and given that the claims plaintiff seeks to add to this action through his second amended complaint are wholly unrelated to those asserted in his original and first amended complaints, this Court can only conclude that plaintiff's request to amend was brought in a bad faith attempt to circumvent the § 1915(g) bar.

The Court notes as well that this case has now been pending for some time. Discovery is closed and defendants have filed a motion for summary judgment which is currently ripe for consideration. (*See* Dkts. 17, 24.) Permitting plaintiff to amend at this juncture would, indeed, cause undue delay and unfair prejudice to the two originally named defendants, neither of whom is implicated in plaintiff's proposed new claims. Plaintiff therefore will not be permitted to amend his complaint for a second time.

(2) Plaintiff's motion under Fed. R. Civ. P. 56(d) to defer a ruling on defendants' pending motion for summary judgment (Dkt. 29), and plaintiff's motion for an extension of the discovery deadline (Dkt. 31), are DENIED. Plaintiff, by way of these two motions, seeks additional time to conduct discovery which he believes is necessary to respond to defendants' pending motion for

---

[1] *See Eckard v. Thomas, et al.*, C19-104-RSM; *Eckard v. Lee*, C19-429-RAJ; *Eckard v. Thomas*, C19-431-JCC; *Eckard v. Langdon*, C19-579-JCC-MAT; *Eckard v. Thomas*, C19-669-TSZ; *Eckard v. Stites*, C19-738-RSM; *Eckard v. Rizk, et al.*, C19-813-RSM; *Eckard v. Sprouse, et al.*, C19-814-RSL; *Eckard v. Jones*, C19-815-JCC; *Eckard v. Leopold, et al.*, C19-816-RSM; *Eckard v. Jones*, C19-832-RAJ; *Eckard v. Zacharias*, C19-833-BJR; *Eckard v. Roy*, C19-834-RSL; *Eckard v. Trenary, et al.*, C19-879-RAJ; *Eckard v. Trenary, et al.*, C19-880-JCC; *Eckard v. Nikolina, et al.*, C19-881-RSM; *Eckard v. Kane, et al.*, C19-882-JCC-MAT; *Eckard v. Kavanagh*, C19-883-JCC; *Eckard v. Langdon, et al.*, C19-1139-RSL; *Eckard v. Cornell, et al.*, C19-1961-RSM-BAT.

summary judgment. Plaintiff indicates in his motion papers that he presented his interrogatories to defendants on December 11, 2019, and he asserts that defendants' decision to file their motion for summary judgment on December 18, 2019 was an attempt by defendants to "game the system" and deny plaintiff access to discovery. (*See* Dkts. 29, 30, 31.) Plaintiff's assertions are baseless and avail him nothing.

The original discovery deadline in this case was October 18, 2019. (*See* Dkt. 11.) On October 21, 2019, plaintiff was granted leave to file his first amended complaint and the discovery deadline was extended until December 31, 2019. (Dkt. 17.) The record confirms that plaintiff signed original and amended first sets of interrogatories on December 11, 2019. (*See* Dkt. 37, Exs. A, B.) However, those discovery requests were not received by defendants' counsel until December 20, 2019 and December 18, 2019, respectively. (*See id*.) As was clearly explained in the Court's July 19, 2019 scheduling order, because the Federal Rules of Civil Procedure require that responses to discovery requests be served within thirty days after service of the requests, a party must serve their discovery requests at least thirty days before the discovery deadline to allow the opposing party time to answer. (*See* Dkt. 11 at 1.) Plaintiff did not sign, much less serve, his discovery requests thirty days prior to the discovery deadline.

Plaintiff has not shown that defendants interfered in any way with his ability to conduct discovery in this matter. Plaintiff could have begun the discovery process as early as July 2019 and, yet, he made no effort to even serve his first discovery requests until it was already too late. Plaintiff has not demonstrated that any extension of the discovery deadline is warranted and his motions must therefore be denied.

(3) Plaintiff's motion to compel discovery (Dkt. 33) is DENIED. Plaintiff, by way of this motion, seeks to compel responses to the discovery requests referenced above which he served

on defendants in mid-December 2019. As explained above, plaintiff's discovery requests were not timely and, thus, his motion to compel discovery is effectively moot. Even assuming plaintiff had timely served the discovery requests which he now seeks to compel responses to, plaintiff failed to comply with the requirement that he meet and confer with defendants regarding the matters in dispute prior to filing his motion to compel as required by Fed. R. Civ. P. 37(a)(1) and Local Civil Rule (LCR) 37(a)(1). Thus, his motion is also procedurally defective.

(4)     Plaintiff's motion for mental examination (Dkt. 34) is DENIED. Plaintiff seeks an order under Fed. R. Civ. P. 35 directing that he be provided a psychiatric evaluation, and he indicates that he is requesting this examination "in pursuit of discovery and the furtherance of justice." (*Id.*) Plaintiff's reliance on Rule 35 is misplaced. Rule 35(a) gives a court discretion to order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination. . . ." Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2). Rule 35 does not permit a court to appoint an expert to examine a party seeking an examination of himself. *See Gannaway v. Prime Care Medical, Inc.*, 150 F.Supp.3d 511, 523 n.4 (E.D. Pa. 2015). As plaintiff is essentially seeking an expert opinion to support the claims asserted in this action, Fed. R. Civ. P. 35 provides no basis for relief and his motion must therefore be denied.

The Court notes as well that plaintiff specifically requests he be evaluated by Stuart Grassian, M.D., a psychiatrist who conducted a psychiatric evaluation of plaintiff in the fall of 2019 for purposes of plaintiff's ongoing criminal proceedings. (*See* Dkt. 19.) As defendants correctly point out, Plaintiff's current request for a mental health examination by Dr. Grassian is purely cumulative. (*See* Dkt. 38.)

(5)     As referenced above, defendants have filed a motion for summary judgment in this

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 5

matter which is currently ripe for consideration. It does not appear that plaintiff has yet filed any response to that motion, likely because he was awaiting a ruling on his other pending motions. Now that plaintiff's motions have been ruled on, the Court deems it appropriate to grant plaintiff some additional time to file a response to defendants' summary judgment motion should he desire to do so. Accordingly, plaintiff is directed to file and serve any response to defendants' summary judgment motion not later than *March 23, 2020*. Defendants' motion for summary judgment (Dkt. 24) is RE-NOTED for consideration on *March 27, 2020*.

Because plaintiff has advised the Court that he does not currently have access to his legal materials given his recent transfer into the custody of the Washington Department of Corrections, the Court will, in conjunction with this Order, provide plaintiff copies of the documents necessary for him to file a response to defendants' summary judgment motion.

(6) The Clerk is directed to send plaintiff copies of his amended complaint (Dkt. 18), of defendants' summary judgment motion and supporting declaration (Dkts. 24, 25), and of this Order. The Clerk is further directed to send copies of this Order to counsel for defendants and to the Honorable John C. Coughenour.

DATED this 19th day of February, 2020.

Mary Alice Theiler
United States Magistrate Judge